UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD CAMPOS,

   Plaintiff,

   v.

CINDY CAMPOS,

   Defendant.

CIVIL ACTION NO. 25-10167-MPK

ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,
ORDER TO REASSIGN TO A DISTRICT JUDGE,
AND REPORT AND RECOMMENDATION FOR REMAND

January 24, 2025

KELLEY, U.S.M.J.

    Cindy Campos ("Campos"), who is representing herself in this matter, has filed a Notice of Removal, seeking to remove Richard Campos v. Cindy Campos, 2525RO00002 from the Barnstable District Court to this Federal District Court. ECF No. 1. Campos has also filed a motion for leave to proceed in forma pauperis. ECF No. 2.

    For the reasons set forth below, the Court will grant the motion to proceed in forma pauperis, order that this action be reassigned to a District Judge, and recommend to the District Judge that this action be remanded.

I.    Motion for Leave to Proceed in Forma Pauperis

    Upon review of Campos's motion for leave to proceed in forma pauperis, the Court concludes that Campos has adequately shown that she is unable to pay the $405 removal fee. Accordingly, the motion is GRANTED.

II.     Order to Reassign to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days the last party is served whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Because the parties have not consented to the jurisdiction of the Magistrate Judge and it appears that the case is subject to remand, the Clerk of Court shall reassign this case to a District Judge.

III.    Recommendation for Remand

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016). "Because removal jurisdiction raises serious federalism concerns, [federal courts] construe removal statutes strictly and against removal." Rhode Island v. Shell Oil Products Co., 35 F.4th 44, 52 (1st Cir. 2022) (emphases in original). "So if federal jurisdiction is doubtful, a federal court must remand to state court." Id.

Federal law provides for the removal of a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). In other words, a state court case removed under 28 U.S.C. § 1441(a) must meet the same jurisdictional requirements applicable to cases that originate in a federal district court.

A federal district court has original jurisdiction over all civil actions "arising under" federal law. 28 U.S.C. § 1331 ("§ 1331").[1] Setting aside narrow exceptions not relevant here,

---

[1] Although not relevant to this action, the Court notes that a federal district court also has original jurisdiction over civil actions between residents of different states if the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

for purposes of § 1331, a civil action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." Id. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Templeton Bd. of Sewer Comm'rs v. Amer. Tissue Mills of Mass., Inc., 352 F.3d 33, 37 (1st Cir. 2003).

Although Campos asserts that this case "presents a federal question and removal is appropriate under 28 U.S.C. § 1441(a)," ECF No. 1 at 1, this action does not arise under federal law. Rather, the plaintiff's action is one under Massachusetts General Laws Chapter 258E for an abuse prevention order. ECF No. 1-1.

Because this action is not one over which the Court has original jurisdiction, the Court lacks removal jurisdiction. This Court therefore recommends to the District Judge that this action be REMANDED to the Barnstable District Court.

III.     Conclusion

In accordance with the foregoing, the Court hereby:

1. GRANTS the motion for leave to proceed in forma pauperis;

2. ORDERS that this case be reassigned to a District Judge; and

3. RECOMMENDS to the District Judge that this action be REMANDED to the Barnstable District Court.[2]

SO ORDERED.

    /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  See, e.g., M. v. Falmouth Sch. Dep't, 847 F.3d 19, 26 (1st Cir. 2017); Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988).